FILED
United States Court of Appeals
Tenth Circuit

January 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PROFESSIONAL SOLUTIONS
INSURANCE COMPANY,

      Plaintiff-Appellant,

v.

HARRY MOHRLANG; LENORA
MOHRLANG; BRUCE A.
MOHRLANG,

      Defendants-Appellees.

No. 09-1286
(D.C. No. 1:07-CV-02481-PAB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

This diversity dispute turns on whether two professional insurance claims

against the same attorney are related to one another. Appellant Professional

Solutions Insurance Company (PSIC) provided single coverage liability of

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

$500,000, up to an annual aggregate limit of $1 million, to one of its insureds.[1]

When appellee Bruce Mohrlang submitted a negligence claim against the insured, and appellee Harry Mohrlang submitted another alleging breach of fiduciary duties, PSIC conceded liability of at least $500,000 on each but argued that under the policy definitions, the claims were related and thus subject to the $500,000 single coverage limit. The parties eventually settled, with PSIC agreeing to pay the single coverage limit of $500,000 and pursue this declaratory judgment action to determine any further liability. The sole question was whether the two claims were related to one another so as to cap PSIC's liability at $500,000, or whether the two claims were unrelated and thus separately covered under PSIC's annual

---

[1]   The policy limits provide:

Regardless of the number of:
- **you** covered by this policy;
- **claims** made; or
- persons or entities making **claims**

the policy limits stated in the Declarations apply as follows:

1.   EACH CLAIM - The most **we'll** pay for **damages** and **claims expenses** arising from each **claim** made under this policy is [$500,000].
2.   ANNUAL AGGREGATE - The most **we'll** pay for all **damages** and **claims expenses** arising from all **claims** made under this policy is [$1,000,000].

Aplt. App. at 23 (Policy, Sec. F). The policy further provides: "If **related claims** are subsequently made against **you** and reported to **us**, all such **related claims**, whenever made, shall be considered a single **claim** . . . ." *Id.*

aggregate limit of $1 million.  On a stipulated record, the district court granted summary judgment in favor of the Mohrlangs.

The court recognized that the critical inquiry was whether the claims were "temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision."  Aplt. App. at 202 (internal quotation marks omitted).[2]  The court understood that Bruce Mohrlang's claim was based on the insured's negligence in structuring a corporate stock sale, while Harry Mohrlang alleged breach of fiduciary duties based on the insured's misrepresentations that caused him to release a deed of trust he held against the corporate entity.  Thus, the court set out to ascertain whether the insured's breach of fiduciary duties was temporally, logically or causally connected to the stock sale; the court concluded it was not.

First, the court found that Harry Mohrlang's claim was not temporally connected to the sale because the insured caused Harry Mohrlang to release his deed of trust some three weeks after the sale closed.  Next, the court found no

_____

[2]     The policy defines "**related claims**" as "all **claims** arising out of a single act or omission or arising out of **related acts or omissions** in the rendering of **professional services**."  *Id.* at 25 (Policy, Sec. I, ¶ 10).  In turn, the phrase **"related acts or omissions**" is defined as "all acts or omissions in the rendering of **professional services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision."  *Id.* (Policy, Sec. I, ¶ 9).  Hence the court's recognition that "related claims" are "claims arising out of a single act or omission or arising out of all acts or omissions in the rendering of professional services that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision."  *Id.* at 202 (internal quotation marks omitted).

logical connection between the claim and the sale because neither the deed of trust nor the promissory note it secured was incorporated into the final sale agreement and both should have remained unaffected by the sale. Finally, the court determined that no causal connection existed between Harry Mohrlang's claim and the sale because the promissory note remained a valid, independent obligation even after the sale, and the deed of trust was not released until the insured's unforeseeable acts severed any causal link that could have existed. Hence, the court ruled that the two claims were unrelated and PSIC was liable under the policy's $1 million annual aggregate limit.

We have reviewed the grant of summary judgment de novo, *Ellenberg v. N.M. Military Inst.*, 572 F.3d 815, 819 (10th Cir.), *cert. denied*, — S. Ct. —, 2009 WL 3268021 (2009), and agree that the two claims are unrelated, *cf. Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 814 (10th Cir. 2009) (concluding that two alleged acts of malpractice were related). Moreover, having reviewed the parties' appellate materials, the district court's order, and the relevant legal authority, we agree with the district court's cogent and well-reasoned analysis. The analysis was detailed, accurate, and complete, and we see no reason to repeat it here. Accordingly, for substantially the same

reasons as articulated by the district court in its order dated February 10, 2009, we AFFIRM.

Entered for the Court


Neil M. Gorsuch
Circuit Judge